### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN R. QUINN<br>1806 Abington Court # 102<br>Alexandria, Virginia 22314<br><br>   Petitioner,<br><br>v.<br><br>Adrian M. Fenty, Mayor, District of<br>Columbia, and the District of Columbia,<br>1350 Pennsylvania Avenue N.W.<br>Suite 310<br>Washington, D.C.  20004<br><br>   Respondents. | *<br>*<br>*<br>*<br>*  No.<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

### PETITION FOR WRIT OF HABEAS CORPUS
### BY A PERSON CONVICTED IN THE DISTRICT OF COLUMBIA

Petitioner Steven R. Quinn ("Quinn"), by and through undersigned counsel, requests the Court to grant relief as specified below.  In support of this request, Mr. Quinn states:

1. Mr. Quinn is contesting the conviction and sentence imposed upon him in the Superior Court of the District of Columbia, 500 Indiana Avenue N.W. Washington, D.C. 20001 on April 18, 2001.

2. On April 28, 2001, Mr. Quinn plead guilty to carrying a pistol without a license D.C. Code 24-2404.  Following his guilty plea, imposition of sentence was suspended, and Mr. Quinn was given two years supervised probation, and ordered to pay a $500 fine along with $100 to the crime victims' compensation fund and to perform 100 hours of community service, all of which he dutifully and

1

successfully completed.   Prior to conviction, Mr. Quinn was held in the District of Columbia jail for a period of 82 days without bond.

3. The facts underlying the conviction are that Mr. Quinn lawfully obtained and registered the handgun in question in the Commonwealth of Virginia, while living in the commonwealth.   Upon moving into the District, he mistakenly brought the handgun with him which had again been legally acquired and registered in Virginia. On November 17, 2000, a friend of Mr. Quinn's improvidently fired the gun in question outside of Mr. Quinn's residence located at 541 1/2 Street SE on Capitol Hill.   The Metropolitan police were called, Mr. Quinn's home was searched and the weapon was found in the home resulting in Mr. Quinn being charged with carrying a pistol without a license and possession of unlicensed ammunition. As earlier indicated, Mr. Quinn entered a guilty plea on April 28, 2001 to one count of carrying a pistol without a license.

4. Mr. Quinn has not previously filed any petitions, applications, or motions with respect to this conviction and the sentence imposed by the court.

5. The statute under which Mr. Quinn was convicted and sentenced has subsequently been deemed to be unconstitutional by the United States Court of Appeals for the District of Columbia.   *Parker v. District of Columbia*, 375 U.S. App. D.C. 140, 478 F.3d 370 (2007) ("*Parker*").[1]

6. Although Mr. Quinn is not incarcerated or presently on probation or parole, he

---

[1] *See also Parker v. District of Columbia*, 2007 WL 2892852 (D.C. Cir. Sept. 25, 2007) at *1 n. 2 (D.C. Code § 24-2404 is "unconstitutional with regard to handgun possession").

wishes to challenge the collateral effects of his conviction and sentence. *See Gentry v. Deuth*, 456 F.3d 687 (6th Cir. 2006) ("Gentry"). *Gentry* noted, "the Supreme Court has found that the appropriate remedy for a writ of habeas corpus issued pursuant to an unlawful criminal conviction includes relief not only from the conviction's direct consequences (e.g. incarceration), but also from its collateral consequences." 456 F.3d at 693, citing *Sibron v. New York*, 392 U.S. 40, 55, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968).[2]  *Sibron*'s companion case was *Carafas v. LaVallee*, 391 U.S. 234, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968). *Carafas v. LaVallee* ruled that a man's habeas corpus petition was not mooted by his release from incarceration prior to his hearing because, "in consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time, he cannot vote in any election held in New York State; he cannot serve as a juror."   391 U.S. at 237.

7. The grounds listed in paragraph 6 have not been previously presented in any other court in the District of Columbia on behalf of Mr. Quinn. A petition was not initially filed in the District of Columbia Superior Court since no remedy exists under local law, including any relief pursuant to D.C. Code 23-110. No remedies are available to petitioner pursuant to D.C. Code 23-110 since the pertinent

---

[2]  *Gentry* also noted:   "Absolute grants [of habeas corpus petitions] are therefore generally limited to situations where the nature of the error is simply incurable, such as a conviction under an unconstitutional statute.   456 F.3d at 692, citing *Staley v. Jones*, 108 F. Supp. 2d 777, 778 (W.D. Mich. 2000), *rev'd on other grounds*, 239 F.3d 769 (6th Cir. 2001)."

3

provision of the statue provides that its remedies are available only for a "prisoner in custody." The District of Columbia courts have interpreted this provision to limit Section 23-110's remedies to persons who are incarcerated or on probation or parole. *See e.g. Norris v. United States* 927 A.2d 1034 (D.C. 2007) (once a prisoner's sentence has expired, the collateral consequences of a conviction are not sufficient to render the former prisoner in custody for purposes of either a motion attacking the sentence under D.C. Code 23-110 or a habeas corpus proceeding under D.C. code 16-1901). As previously indicated, Mr. Quinn is neither presently incarcerated nor on probation or parole.

8. Moreover, Mr. Quinn does not have any petition or appeal pending in any other court, either District of Columbia Superior or Federal, as to the conviction and sentence which is the subject of this petition. Mr. Quinn did not have any future sentence to serve after he completed the sentence which is the subject of this petition.

9. Mr. Quinn brings this petition at this time because the *Parker* decision was issued on March 9, 2007 and he wants to avoid any implications of *laches* or other argument that he did not diligently assert his rights following the decision made in *Parker.*

10. An additional reason for bringing this petition at this time involves Mr. Quinn's employment status. Mr. Quinn was recently terminated from his employment position because the issue of this conviction arose and his employer upon learning of the conviction decided to terminate his employment. At the time of his termination, he was employed as a contract engineer with General Dynamics Inc.

4

working on the Expeditionary Fighting Vehicle for the Department of Defense as well as other projects.

11. To obtain a permanent employment position with General Dynamics it was necessary for Mr. Quinn to obtain a security clearance.   His application for a clearance was denied due to his conviction of carrying a pistol without a license.  Mr. Quinn earned a Bachelor of Science in Engineering from the University of Maryland, and has been trained and employed as an engineer for several years.  Most of the employment opportunities available to Mr. Quinn require that there be no history of felony convictions as a condition of employment.   So in essence, his conviction under a statute that has subsequently be deemed to be unconstitutional is substantially interfering with Mr. Quinn's ability to earn a living and occasioned other collateral consequences for him.

12.   Accordingly, in the wake of *the Parker* decision whereby the statute for carrying a pistol without a license has been deemed to be unconstitutional by the United States Court of Appeals for the District of Columbia, Mr. Quinn seeks to have his conviction vacated pursuant to the filing of this petition.

   WHEREFORE, petitioner Steven R. Quinn prays that his court grant him the relief to which he is entitled in this proceeding that being to vacate his conviction for carrying a pistol without a license in violation of D.C. Code 24-2404.

_____     _____
Date                     Steven R. Quinn /s

5

                                                     Respectfully submitted,

                                                     _____
                                                   John E. Carpenter #420756
                                                 910 17th Street NW   Suite 800
                                                 Washington, D.C. 20006
                                                 (202) 887-5445

                                                 Attorney for the Petitioner

CERTIFCATE OF SERVICE

      I HERBY CERTIFY that a copy of the foregoing petition was served upon the following parties via regular first class mail postage prepaid on this _____ day of _____2008:

      Adrian M. Fenty, Mayor

      District of Columbia

      1350 Pennsylvania Avenue NW   Suite 310

      Washington, D.C.   20004


      Attorney General of the District of Columbia

      One Judiciary Square

      441 Fourth Street NW   Suite 1060N

      Washington, D.C.   20001


      United States Attorney for the District of Columbia

      555 4th Street NW

      Washington, D.C.   20530

                                                       _____

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Steven Quinn

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88__
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John E Carpenter, Esq
910 17th St NW
Suite 800 Washington, DC 20006

Case: 1:08-cv-00305
Assigned To : Robertson, James
Assign. Date : 2/22/2008
Description: Habeas Corpus/2255

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☒ G. *Habeas Corpus/ 2255*<br>☒ 530 Habeas Corpus-General<br>☒ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Habeas Corpus Petition 28 USC 2241

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** ☐ YES    ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES    ☒ NO    If yes, please complete related case form.

DATE 1/30/07 2/22    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.