UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
STEVEN R. QUINN,               :
                               :
       Plaintiff,              :
                               :
  v.                           :  Civil Action No. 08-0305 (JR)
                               :
ADRIAN M. FENTY, Mayor, District :
of Columbia, et al.,           :
                               :
       Defendants.             :
```

### ORDER DENYING PETITION FOR HABEAS CORPUS

Steven Quinn petitions this court for a writ of habeas corpus that would "vacate" his conviction in D.C. Superior Court for violating the District of Columbia's handgun ban.  The handgun ban has been invalidated by the D.C. Circuit, see Parker v. District of Columbia, 478 F.3d 370 (D.C. Cir. 2007), and Mr. Quinn now wants his conviction expunged.  Mr. Quinn is not in custody, however, and was not in custody when he filed his petition.  The power of a federal court to grant the writ of habeas corpus extends only to those "in custody" and no further, 28 U.S.C. § 2241; Qassim v. Bush, 466 F.3d 1073, 1078 (D.C. Cir. 2006), but the All Writs Act allows a federal court to afford relief to the already released under the ancient writs of coram nobis or audita querela.  See United States v. Morgan, 346 U.S. 502, 511 (1954).

Even if Mr. Quinn's petition were treated as one for coram nobis, however, it is not brought in the proper court.  Habeas law treats the District of Columbia as a state.  See

Garris v. Lindsay, 794 F.2d 722, 724 & n. 8 (D.C. Cir. 1986) (per curiam). The principle of comity enacted into 28 U.S.C. § 2254, which requires exhaustion of state habeas procedures before proceeding in federal court, suggests that this petition is properly directed to the courts of the District of Columbia in the first instance. Proceedings in coram nobis and under § 2255 should be considered similar to the extent possible, see Laughlin v. United States, 474 F.2d 444 (D.C. Cir. 1972), and "relief [in coram nobis] must be sought in the court in which the sentence was imposed." United States v. Hansen, 906 F. Supp. 688 (D.D.C. 1995). The petition for habeas corpus relief is thus **DISMISSED** without prejudice to a petition seeking the relief with the right Latin name in the right court.


                                    JAMES ROBERTSON
                              United States District Judge